Frank D. BATISTE, Plaintiff–Appellant,

v.

CITY OF EMERYVILLE, Defendant–Appellee.

No. 04–16727.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 1, 2005.*

Decided Aug. 15, 2005.

Frank D. Batiste, Oakland, CA, pro se.

Michael G. Guina, Esq., Office of the City Attorney, Emeryville, CA, Michael G. Biddle, City of Emeryville, Cynthia J O'Neill, Esq., Emeryville, CA, Liebert Cassidy Whitmore, San Francisco, CA, for Defendant–Appellee.

Before: O'SCANNLAIN, CALLAHAN, and BEA, Circuit Judges.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Frank D. Batiste appeals pro se the district court's dismissal of his employment discrimination action. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *see Cholla Ready Mix, Inc. v. Civish,* 382 F.3d 969, 973 (9th Cir. 2004), and we affirm.

The district court properly dismissed Batiste's claim under the Americans with Disabilities Act because he did not file an EEOC charge within 180 days of the end of his employment. *See* 42 U.S.C. § 12117(a). The district court properly dismissed Batiste's ERISA claim because ERISA does not apply to a municipality's benefit plan. *See* 29 U.S.C. § 1003(b)(1); *Silvera v. Mut. Life Ins. Co.,* 884 F.2d 423, 425–27 (9th Cir.1989). The district court properly dismissed Batiste's claims under 42 U.S.C. §§ 1981, 1983, and the Fourteenth Amendment as time-barred. *See* Cal.Civ.Proc.Code § 335.1; *Cholla Ready Mix, Inc.,* 382 F.3d at 974. Moreover, Batiste cannot claim deprivation of his right to make and enforce contracts because his employment was governed by statute, not contract. *See Miller v. State of California,* 18 Cal.3d 808, 135 Cal.Rptr. 386, 557 P.2d 970, 972–73 (1977).

Batiste's remaining contentions lack merit.

All pending motions are denied.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.